UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KEYLAND TRAMELL-ZACHARY BRADLEY,

Petitioner,

Case No. 1:26-cv-1465

Honorable Robert J. Jonker

v.

PEOPLE OF THE STATE OF MICHIGAN et al.,

Respondents.
________________________________/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court will grant Petitioner leave to proceed *in forma pauperis*.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

### I. Factual allegations

Petitioner Keyland Tramell-Zachary Bradley is incarcerated with the Michigan Department of Corrections at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. Petitioner pleaded guilty in the Kalamazoo County Circuit Court to possession of a firearm by a felon (felon-in-possession) and use of a firearm during the commission of a felony (felony firearm). On August 25, 2025, the court sentenced Petitioner to a 1 to 5-year term of imprisonment for felon-in-possession to be served consecutively to a 5-year sentence for felony-firearm. Petitioner did not timely appeal his judgment of sentence in the Michigan Court of Appeals. *See* Order, *People v. Keyland*, No. 381200 (Mich. Ct. App. June 16, 2026).

### II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The petition indicates that Petitioner did not fairly present his habeas grounds to the Michigan Court of Appeals or the Michigan Supreme Court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Kalamazoo County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss unexhausted petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court

ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to unexhausted petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). ). Petitioner was sentenced on August 25, 2025. He did not file a timely application for leave to appeal to the Michigan Court of Appeals.

Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had six months in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205. Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired on February 25, 2026. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 565

U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review). Accordingly, absent tolling, Petitioner would have one year, until February 25, 2027**,** to timely file his petition. He filed during April 2026, about 10 months before expiration of the limitations period.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him. But, until he files his motion and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of

limitations. Therefore, a stay of these proceedings is not warranted and the Court will dismiss the petition for failure to exhaust available state-court remedies.

## III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter an order granting Petitioner leave to proceed *in forma pauperis*, denying Petitioner's motion for summary judgment (ECF No. 2) and motion to stay proceedings (ECF No. 6) as moot, and denying a certificate of appealability. The Court will also enter a judgment dismissing the petition for failure to exhaust state-court remedies.

Dated: August 12, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge